CHARLES B. MATTHEWS et al.

*v.*

WILLIAM DELLICKER et al.

The income of a testamentary trust fund was given to a testator's wife for her life or widowhood, for the maintenance of herself and children, with a provision, among others, that if the children should be of age at the time of their mother's death or remarriage, the principal of the fund should be equally divided among them. They are now all of age, and their mother survives, unmarried.—*Held,* that, upon the application of the mother and children, the moneys derived from the condemnation of part of the lands covered by the trust for the purposes of a railroad company, could be devoted to erecting a building on another part of the lands covered by the trust, the present buildings whereon are very dilapidated.

Bill for relief.    On final hearing on pleading and proofs.

*Mr. F. Adams,* for complainants.

*Mr. C. Borcherling, Jr.,* for executors.

*Mr. R. Wayne Parker,* for receiver.

THE CHANCELLOR.

Patrick Matthews, late of Morris county, died October 21st, 1866. By his will, he gave the residue of his estate, real, personal and mixed, to his executors, their heirs, executors, administrators and assigns forever, in trust, nevertheless, to collect and receive the rents, profits, interest and income thereof and to pay them to his wife for the support of herself and his children by her for and during her natural life, in case she should so long continue to be his widow, and on her death or remarriage, to pay them, in equal shares, to those children until the youngest of them who might survive should arrive at the age of twenty-one years; and when the youngest of them should have attained to that age, then, after the death or remarriage of his wife, to

assign, transfer and pay over to those children all his estate, in equal shares; and in case of the death of either or any of them before the youngest should have attained to majority, leaving issue, then, after the death or remarriage of his wife, to pay over, assign and transfer the share or shares of such child or children to his, her or their lawful issue; and in case of the death of any of the children before the youngest should arrive at the age of twenty-one years, without lawful issue, then, upon the death or remarriage of his wife, to assign, transfer and pay over the share or shares of such child or children to the survivor or survivors of such children.     Part of the real estate which constituted part of the residue, was taken in 1869, by condemnation, for the use of the Newark and New York Railroad Company, under the charter of that corporation, and the money ($12,415) awarded for the value of the land was, after deducting certain costs and fees, ordered by the court of common pleas of Essex county, March 28th, 1870, to be deposited with the Newark Savings Institution in the name of the estate, subject to the order of that court, the interest to be payable to the executors for the use and benefit of the widow and minor children, according to the will, but the principal to remain on deposit there until the further order of that court.     The amount so deposited was $12,377.42.     The interest thereon was paid over to the executors up to the time of the suspension of the savings institution in 1877.     By order of this court of June 29th, 1878, it was ordered that the dividends of principal of the deposit paid by the institution on account thereof be deposited on what was called "new account" in the institution, the interest thereon, after such deposit, to be paid to the executors.     The savings institution again, in May, 1884, suspended payment, and was declared insolvent on proceedings in this court, and a receiver appointed.     The institution had paid to the new account ninety-five per cent. of the principal of the original deposit.     On the new account two dividends, amounting together to seventy-five per cent., have been ordered, which remain in the hands of the receiver.

The bill is filed by the widow and the children of the testator, the beneficiaries named in the residuary clause, against the execu-

tors and the receiver, and its object is to dispose of the fund. It prays that this court will direct that the fund be paid over to the executors, or be paid into and kept in this court for the benefit of the complainants, so invested as to produce interest, to be paid over to the widow, or that the *corpus* be paid over to her and them, in equitable proportions, or that this court will give aid and direction to the executors in respect to the trust; and there is also the prayer for relief, generally.

The children of the testator by his last wife are all of full age. It appears by the testimony that they and the widow all desire that the fund in question—the money in the savings institution —be used to build a house upon a lot which is part of the residuary estate, and is situate on the corner of Union and Ferry streets, in the city of Newark. The building now upon that lot is old and in a dilapidated condition, and produces but little rent; it is not worth repairing, and, of course, is not desirable either for residence or business purposes. The lot is in a good location, and is such as to warrant the erection thereon of a substantial brick building, to be used for residence and as a place of business. The property, in its present condition, produces but little, if any, more rent than will pay the taxes and insurance. The residuary estate does not produce enough income to support the widow.

The interest of the children in the residuary estate is a vested remainder. The interest of the widow is the use of the estate during widowhood. At her death or remarriage, if the youngest child shall then have attained to majority, the *corpus* is divisible, in equal shares, among the children. The youngest child is over twenty-one years of age. There is a provision in the will that in case of the death of any of the children before the youngest shall have attained to majority, leaving issue, his, her or their share shall, in the division, go to his, her or their issue, and that in case of the death of any of the children before the youngest shall have arrived at the age of twenty-one years, without lawful issue, then, in the division, the share or shares of such child or children so dying without issue shall go to the survivors or survivor. But the event of death before the youngest

child shall have attained to majority (the contingency on which
the issue are to take by substitution, and on which the gift over
to survivors is to take effect), never can happen.    The interests
of the children are therefore vested absolutely.    They and their
mother may join in the disposition of the fund in question, and
with their consent (already given in their testimony) the fund
may be invested in building on the lot before mentioned.    The
building may be erected by the executors, who will be empow-
ered to use the money for the purpose.    The executors and the
widow and children can probably agree as to the character and
cost of the building.